### SILVER v. STEARNS.
### No. 6543.

Circuit Court of Appeals, Fifth Circuit.
May 17, 1932.

E. Max Goldstein and Ave Aronovitz, both of Miami, Fla., for appellant.

Randolph Bohrer, of Chicago, Ill., and H. H. Taylor, of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant, a bankrupt, was held by the referee, after a hearing, to be in possession of about $39,000 belonging to the bankrupt estate, which the referee ordered him to turn over to the trustee in bankruptcy. Having failed to comply with the turnover order, appellant was cited to show cause why the referee should not certify him to the District Court for contempt. He answered that he was unable to comply with the order, but offered no evidence. Thereupon the referee certified the proceedings before him to the district judge, who on December 8 entered an order, reciting that the testimony disclosed that appellant then had in his possession or under his control the sum found by the referee, that this sum was an asset of his estate, and committing appellant to jail for contempt until he should comply with the turnover order. On January 8, 1932, a motion of the bankrupt to be released from jail was denied. This appeal was taken on February 8, 1932, from the last-mentioned order.

None of the evidence on which was based the turnover order, the order of commitment for contempt, or the order on the motion for release, appears in the record. The appeal was not taken in time to bring here for review the order entered in December, 1931, committing appellant for contempt. An appeal from such an order is required to be taken within thirty days after rendition or entry. 11 USCA § 47. As to the order entered in January, 1932, denying appellant's motion for release from the order of commitment, the only assignment of error of any substance is that the court erred in refusing to permit appellant to show his inability to deliver to the trustee assets of the bankrupt estate which it was found he had in his possession. But there is nothing in the record to sustain this assignment; so far as appears, appellant offered no evidence which tended to show that he was unable to comply with the turnover order.

The order appealed from is affirmed.